THE STATE OF MISSOURI, to use of PATRICK K. DOYLE, Plaintiff in Error, v. ROBERT TOBIN et al., Defendants in Error.

### February 14, 1876.

1. Where no exceptions are saved to the rulings of the trial court, and there is evidence to support the verdict, this court will not interfere.

2. Action against a constable for taking plaintiff's property under execution against another. It being manifest from the verdict that the jury found the plaintiff not to be the true owner, he has no right to complain that the judgment and execution were void.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*Morris & Peabody*, for plaintiff in error, cited: Higgins v. Peltzer, 49 Mo. 152; Wernecke *et al.* v. Wood, 48 Mo. 352; Fultmin v. Monks, 43 Mo. 502; Coon v. Brook, 21 Barb. 546; Griffith v. Clark, 18 Md. 457; Howard v. Clark *et al.* 43 Mo. 344; State v. Shacklett, 37 Mo. 280; Duncan v. Spear, 11 Wend. 34; Duncan v. Spear, 16 Wend. 562, 571.

E. C. Kehr, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a constable's bond against the constable, and his sureties. The breach alleged is that defendant, as constable, wrongfully took into his possession and converted to his own use, without the consent of plaintiff, certain goods, the property of plaintiff, worth $600.

Defendant, in his answer, says that the property in question did not belong to plaintiff, but belonged to S. S. Doyle and M. A. Doyle, and that he took it as constable, by virtue of an execution issued to him on a judgment against said S. S. Doyle and M. A. Doyle. Defendant, also, by leave, files a supplemental answer, in which he states that plaintiff claimed the property as his own, whereupon the constable took and approved an indemnifying bond, whereby, he says, the defendants were discharged.

Plaintiff replies that there is no such person as S. S. Doyle, and that the judgment was really against Moses Doyle and Mary Ann, his wife.

There was a verdict and judgment for defendants.

The court refused all the instructions asked by defendants, and gave both instructions asked by plaintiff, which were to the effect that, if the jury believed from the evidence that Moses Doyle and M. A. Doyle sold the stock of goods in question to plaintiff, for a valuable consideration, and that said goods were owned by plaintiff when taken by the constable, the plaintiff is entitled to recover; even if the jury further believe from the evidence that the sale to Patrick Doyle was made in fraud of creditors, they will find for plaintiff, and assess his damage at the value of the property as proved, not to exceed $600.

The record is very voluminous. The evidence tends to show that Moses Doyle and M. A. Doyle were man and wife, that the wife carried on a millinery store, and contracted a debt for stock in trade, which was paid by eight joint notes of herself and husband for $50 each; that an effort was

made to obtain judgment against herself and husband before a justice on one of these notes, the judgment being erroneously entered against S. S. Doyle and Mary Ann Doyle, instead of Moses Doyle and Mary Ann Doyle; that, on this execution, the goods of the millinery store were seized by defendant Constable Tobin; that, a few days before the seizure, Moses Doyle and Mary Ann his wife, by bill of sale acknowledged and recorded, sold, or attempted to sell, to Patrick Doyle, the plaintiff, and brother of Moses, the stock in trade for $600. There was evidence tending to show that the stock was worth then not over $100; that this sale was in fraud of creditors, a mere sham, and that no consideration passed. The testimony of Patrick was of such a character that the jury might well disregard it. It appears they did so, and found for the defendant, not believing that any consideration was paid for the goods. We shall not disturb the verdict; indeed, we cannot do so. The appellant cannot complain of the instructions, as they were all he asked; and we see no error committed by the trial court.

The plaintiff insists that the judgment against Mary Ann Doyle and S. S. Doyle, before the justice, was void, and would not support the execution or warrant the constable in his levy. That may be, but if Patrick Doyle had no interest in this property (and the jury has found he had not), what right had he to complain?

The judgment of the Circuit Court is affirmed. The other judges concur.